UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF VERMONT

| | |
|---|---|
| REBEKAH THOMPSON & CHESTER THOMPSON, <br><br> Plaintiffs, <br><br> v. <br><br> VERMONT DEPARTMENT FOR CHILDREN AND FAMILIES, KEN SCHATZ (individually and in his official capacity), & MICHAELA [UNKNOWN SURNAME] (individually and in her official capacity), <br><br> Defendants. | CIVIL ACTION No. 5:20-cv-192-gwc |

**DEFENDANT VERMONT DEPARTMENT FOR CHILDREN AND FAMILIES'S MOTION TO DISMISS**

Defendant Vermont Department for Children and Families ("Department" or "DCF") moves this Court to dismiss it from this case under Federal Rule of Civil Procedure 12(b)(1) for lack of subject matter jurisdiction because Plaintiffs' claims against the Department are barred by the Department's sovereign immunity. In support of this motion, the Department submits the following incorporated memorandum of law.[1]

**MEMORANDUM IN SUPPORT OF DEFENDANT'S MOTION TO DISMISS**

**Background**

Plaintiffs, a married couple, had their parental rights to their biological child terminated after involvement with DCF. Am. Compl., ECF No. 24, ¶ 14; *see also In re R.T.*, Docket No. 2019-417, 2020 WL 2213679 (Vt. May 1, 2020) (unpub. three-justice mem.) (upholding

---

[1] The two newly-added Defendants, Ken Schatz and Michaela [unknown surname], have not yet been served.

1

termination of Plaintiffs' parental rights). Plaintiffs claim that, on August 28, 2019, prior to the termination of their parental rights, a DCF worker was supervising Plaintiffs' visitation with their child and allegedly made racist and derogatory statements to Plaintiffs. Compl. ¶¶ 18-20.

Through this action, Plaintiffs seek to recover damages for the DCF worker's alleged conduct. In Count I, Plaintiffs assert a claim under 42 U.S.C. § 1983 for violation of the Fourth and Fourteenth Amendments. Compl. ¶¶ 25-28. In Count II, they assert a state tort claim of intentional infliction of emotional distress. Compl. ¶¶ 29-33. In Count III, they assert a state tort claim of negligence. Compl. ¶¶ 34-39. Plaintiffs' claims against DCF are barred by sovereign immunity and must be dismissed.

**Legal Standard**

A case must be dismissed under Federal Rule of Civil Procedure Rule 12(b)(1) for lack of subject matter jurisdiction "when the district court lacks the statutory or constitutional power to adjudicate it." *Nike, Inc. v. Already, LLC*, 663 F.3d 89, 94 (2d Cir. 2011). Plaintiffs bear "the burden of proving by a preponderance of the evidence" that the subject matter jurisdiction they assert exists. *Luckkett v. Bure*, 290 F.3d 493, 497 (2d Cir. 2002). "In resolving a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1), a district court . . . may refer to evidence outside the pleadings." *Makarova v. United States*, 201 F.3d 110, 113 (2d Cir. 2000). The Court should construe the complaint liberally and accept all factual allegations in the complaint as true. *Ford v. D.C. 37 Union Local 1549*, 579 F.3d 187, 188 (2d Cir. 2009).

**Argument**

Sovereign immunity bars private suits against a nonconsenting state. *Beaulieu v. Vermont*, 807 F.3d 478, 483 (2d Cir. 2015); *see also Alden v. Maine*, 527 U.S. 706, 747 (1999) ("[S]overeign immunity bars relief against States and their officers in both state and federal

courts[.]"). Sovereign immunity includes, but is not limited to, the Eleventh Amendment.[2] *Beaulieu*, 807 F.3d at 483. Sovereign immunity applies to bar suits against state "agencies or departments" as well as suits against the state itself. *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 100 (1984) (citing *Alabama v. Pugh*, 438 U.S. 781, 782 (1978)). There can be no dispute that DCF is a state agency. *See* Vt. Stat. Ann. tit. 3, § 212(20) (creating DCF). Sovereign immunity is "a jurisdictional limitation on the power of federal courts." *In re Charter Oak Assocs.*, 361 F.3d 760, 765 (2d Cir. 2004).

Of course, sovereign immunity is not absolute. A state may waive its immunity if it does so expressly and unequivocally. *CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 95 (2d Cir. 2002) (citing *Atascadero State Hosp. v. Scanlon*, 473 U.S. 234, 238 n.1 (1985)). And "Congress may abrogate a state's sovereign immunity if it (1) 'unequivocally expresse[s] its intent to abrogate the immunity' and (2) acts 'pursuant to a valid exercise of power.'" *Id.* (quoting *Seminole Tribe v. Florida*, 517 U.S. 44, 55 (1996)).

It is well settled that Congress did not abrogate states' Eleventh Amendment immunity in passing 42 U.S.C. § 1983. *Quern v. Jordan*, 440 U.S. 332, 345 (1979). "[N]either a State nor its officials acting in their official capacities are 'persons'" subject to suit under § 1983. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Plaintiffs' claim under 42 U.S.C. § 1983 against DCF, a state agency, is barred and must be dismissed.

Nor has Vermont waived its Eleventh Amendment immunity with respect to Plaintiffs' state law claims. Vermont has expressly retained its Eleventh Amendment immunity under the

---

[2] The Eleventh Amendment states: "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." U.S. Const. amend. XI. The Eleventh Amendment also protects a nonconsenting state from suit by its own citizens. *CSX Transp., Inc. v. N.Y. State Office of Real Prop. Servs.*, 306 F.3d 87, 94 (2d Cir. 2002).

Vermont Tort Claims Act (VTCA). Vt. Stat. Ann. tit. 12, § 5601(g) ("Nothing in this chapter waives the rights of the State under the Eleventh Amendment of the U.S. Constitution."). And "a State's waiver of sovereign immunity in its own courts is not a waiver of the Eleventh Amendment immunity in the federal courts." *Pennhurst*, 465 U.S. at 99 n.9; *see also* Vt. Stat. Ann. tit. 12, § 5601(a) ("The Superior Courts of the State shall have exclusive jurisdiction of any actions brought [under the VTCA]."). Plaintiffs' state law tort claims are barred in this court and must be dismissed.

**Conclusion**

For the foregoing reasons, this Court must grant DCF's motion to dismiss it from the case.

DATED at Burlington, Vermont this August 19, 2021.

        STATE OF VERMONT

        THOMAS J. DONOVAN, JR.
        ATTORNEY GENERAL

        */s/ Eleanor Spottswood*
        Eleanor Spottswood
        Assistant Attorney General
        Office of the Attorney General
        109 State Street
        Montpelier, VT 05609-1001
        (802) 793-1646
        Eleanor.Spottswood@vermont.gov

        *Counsel for Defendant Vermont Department for Children and Families*